# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WESLEY D. FREE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-14-F ) |
| **MARY STEBENS, et al.,** | ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Wesley D. Free, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. The matter is now before the court on motions to dismiss filed by Defendants (Doc. Nos. 19, 22).

### BACKGROUND

At the time he filed this action, Mr. Free was a state prisoner incarcerated at the William S. Keys Correctional Center ("WSKCC") in Fort Supply, Oklahoma. Compl. at 1. In his Complaint, Mr. Free names three Defendants: Mary Stebens, Tammy Harlan, and Dr. Timothy Geib. *Id.* at 1-2, 3. Defendants Stebens and Harlan are or were employees of the Oklahoma Department of Corrections ("ODOC"), performing work at WSKCC. *See id.* at 1-2. Mr. Free contends that Dr. Geib is or was employed as an

orthopedic surgeon with ODOC, performing work at "[O]DOC Lindsey Hospital."[1]  *See id.* at 3, 8.

Mr. Free contends that his Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment was "violated by Oklahoma State Department of Corrections Medical Practitioners at the [WSKCC]."  Compl. at 8; *see also id.* at 2 (contending same and violation of "right to proper and adequate medical care" under ODOC policy).  Mr. Free further contends that "they" withheld pain medication from him, constituting "tortfeasment and medical malpractice," in addition to an Eighth Amendment violation.  *See id.* at 2.

Mr. Free's two-count Complaint stems from events in January 2012 related to a surgery performed on Mr. Free's right hand.  *See* Compl. at 8.  These events occurred at "[O]DOC Lindsey Hospital," WSKCC, and while traveling between these two locations.  *See id.*  In Count I, Mr. Free provides numerous factual details of the day of his surgery.  *See id.*  However, beyond noting that Dr. Geib performed the surgery, Mr. Free does not describe the conduct of any Defendants.  *See id.*  In Count II, Mr. Free provides further details from the day of his surgery, stating that a nurse at the hospital informed him that Lortab would be prescribed for post-surgical pain.  *See id.*  Mr. Free asserts that, based on a prior surgery, he "know[s] the proper dosage" of this medication, contending that 40

---

[1] Dr. Geib contends that he has no legal relationship with ODOC and instead performed medical services for Mr. Free pursuant to a contract strictly between Dr. Geib and Lindsay Municipal Hospital.  Def. Geib's Mot. to Dismiss, Doc. No. 22, at 8.  In the ensuing analysis of the sufficiency of Mr. Free's Complaint, however, the undersigned finds it unnecessary to consider this issue.

milligrams per day is proper.[2] *Id.* at 8. Mr. Free then contends that Defendant Harlan at WSKCC dispensed only 10 milligrams per day, asserting that this conduct violated his Eighth Amendment right to be free from cruel and unusual punishment and also constituted medical malpractice. Compl. at 8. Mr. Free seeks monetary damages of $50,000 and punitive damages of $200,000. *Id.* at 6.

Defendants have moved to dismiss Mr. Free's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). All Defendants contend that Mr. Free has failed to state a claim upon which relief may be granted with respect to his Eighth Amendment claims under § 1983 and his medical malpractice claims. *See* Defs. Stebens' & Harlan's Mot. to Dismiss ("WSKCC Defs.' Mot. to Dismiss"), Doc. No. 19, at 12-20; Def. Geib's Mot. to Dismiss, Doc. No. 22, at 3-7. Defendants Harlan and Stebens further contend that, to the extent Mr. Free seeks monetary relief against them in their official capacities under § 1983, they are immune from suit pursuant to the Eleventh Amendment and, accordingly, the Court lacks subject matter jurisdiction over any such claims. WSKCC Defs.' Mot. to Dismiss at 7, 10-11. Finally, Defendant Geib contends that, based on Mr. Free's failure to state a § 1983 claim, the Court should decline to exercise supplemental jurisdiction over any state law claim that may remain. Def. Geib's Mot. to Dismiss at 7-11. Mr. Free filed a single response to Defendants' motions (Doc. No. 24), reiterating that his claims have merit.

---

[2] More precisely, Mr. Free asserts that the proper dosage is "10mgs every 4hrs or 40 mgs a day." Compl. at 8. The described doses are not mathematically equivalent. For simplicity, the undersigned refers only to the total dosage asserted.

ANALYSIS

In addition to considering Defendants' motions to dismiss,[3] the undersigned must also consider the Court's obligation to review each complaint brought by a prisoner with respect to prison conditions or in which a prisoner seeks redress against a governmental entity, officer, or employee. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915A(b).

    *A. Whether the Court Has Jurisdiction To Hear Official-Capacity § 1983 Claims Against Defendants Stebens and Harlan in Light of the Assertion of Eleventh Amendment Immunity*

Mr. Free does not specify in what capacity or capacities he sues Defendants. Nevertheless, Defendants Stebens and Harlan have asserted that, pursuant to the Eleventh Amendment, they are immune from any § 1983 claim seeking monetary relief against them in their official capacities. *See* WSKCC Defs.' Mot. to Dismiss at 7, 10-11. Defendants Stebens and Harlan have moved, pursuant to Federal Rule of Civil Procedure

---

[3] To the extent Defendants presented matters beyond the pleadings in their respective motions, the undersigned declined to consider such matters and, therefore, found it unnecessary to convert either motion to one for summary judgment. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) (confirming courts' broad discretion in determining whether to accept matters beyond the pleadings in motion to dismiss); *see also* Fed. R. Civ. P. 12(d) (requiring conversion of motion to dismiss to one for summary judgment if court considers matters presented beyond the pleadings).

12(b)(1), to dismiss the Complaint to the extent it seeks such relief, asserting that the Court lacks subject matter jurisdiction over those claims.[4] *Id.*; *see also Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000) (holding Eleventh Amendment immunity presents a jurisdictional bar when effectively asserted).

Pursuant to the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. state unless the state consents to suit or Congress unequivocally abrogates the state's immunity. U.S. Const. amend. XI; *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996). The State of Oklahoma has not waived Eleventh Amendment immunity against § 1983 claims in federal court. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated state immunity in any way pertinent to Plaintiff's § 1983 claims. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 342, 345 (1979). Thus, the State of Oklahoma's Eleventh Amendment immunity from suit remains intact.

Eleventh Amendment immunity applies to state agencies that are considered "an arm of the state." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Here, although not named as a defendant, the relevant state agency is ODOC because Defendants Stebens and Harlan were employed with that agency during the circumstances giving rise to this

---

[4] In moving to dismiss for lack of subject matter jurisdiction, Defendants Harlan and Stebens present a "facial" attack on the Complaint—questioning its sufficiency but not the veracity of factual allegations upon which subject matter jurisdiction may depend. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Accordingly, for the purposes of this subject matter jurisdiction analysis, the undersigned presumes the Complaint's factual allegations to be true. *See id.* at 1002.

lawsuit. *See* Compl. at 1-2. The Tenth Circuit has stated that it considers ODOC an arm of the State of Oklahoma.[5] *See Eastwood v. Dep't of Corr. of State of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) (agreeing with party's concession that ODOC was entitled to Eleventh Amendment immunity as an arm of the state). Thus, pursuant to the Eleventh Amendment and the stated view of the Tenth Circuit, ODOC is protected from suits under § 1983 in federal court by Eleventh Amendment immunity. *See also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002) (reiterating that sovereign immunity from suit applies regardless of relief sought); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) (same), *abrogated on other grounds as recognized in Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

ODOC's immunity from suit extends to its employees when they are sued under § 1983 in their official capacities for money damages. *See Edelman*, 415 U.S. at 663. Accordingly, any § 1983 claims by Mr. Free seeking monetary relief from Defendants Stebens and Harlan in their official capacities should be dismissed because, based on Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over such claims.

---

[5] A defendant's status as an arm of the state is a question of federal law, but courts make this determination by analyzing the "nature of the entity created by state law." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (internal quotation marks omitted). ODOC's powers, budgetary responsibilities, and funding establish that it is an arm of the State of Oklahoma. *See, e.g.*, Okla. Stat. tit. 57, §§ 502-04, 505-08, 509, 510; Okla. Stat. tit. 62, §§ 34.42, 34.50-.52, 34.57; Act of May 20, 2013, ch. 313, §§ 100-102, 2013 Okla. Sess. Law Serv. 1585 (West).

In his response to Defendants' motions to dismiss, Mr. Free contends that if his claims against ODOC employees were subject to dismissal based on their immunity from suit, his case would have already been dismissed "as frivolous and without merit" and his filing fee would have been refunded. Pl.'s Resp. to Defs.' Mot., Doc. No. 24, at 1. These contentions are simply incorrect. Mr. Free has previously been advised that his suit is subject to dismissal by the Court "*at any time* all or any part of [his] complaint . . . (1) is [found to be] frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief." Order, Doc. No. 6, at 2 (emphasis added) (citing 28 U.S.C. §§ 1915A, 1915(e)). Mr. Free has been further advised that full payment of the filing fee is required "regardless of whether relief is granted or denied." *Id*.

B. *Failure to State a Claim on Which Relief May Be Granted*

Although the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a claim upon which relief may be granted, procedural rules require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (citations and internal quotation marks omitted).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).[6] The Court's analysis for failure

---

[6] Discussing the implications of *Iqbal*, the Tenth Circuit emphasized:

> Nowhere in the law does context have greater relevance to the validity of a claim than prisoner civil-rights claims. Prisons are a unique environment, and the Supreme Court has repeatedly recognized that the role of the Constitution within their walls is quite limited. Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison. Consequently, a prisoner claim

8

to state a claim on which relief may be granted is the same regardless of whether it is performed pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or sua sponte pursuant to the Court's screening obligations detailed above. *See Kay*, 500 F.3d at 1218 (applying Rule 12(b)(6) standard for purpose of § 1915(e)(2)(B)(ii) determination).[7]

1. Whether Mr. Free Has Stated a Claim Under 42 U.S.C. § 1983

To avoid dismissal for failing to state a claim on which relief may be granted under 42 U.S.C. § 1983, the facts alleged in a complaint must be sufficient to support each of the elements of such a claim. These elements include both (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to the first element – violation of a federal right – Mr. Free alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Under the Eighth Amendment, prisoners may not be subjected to an "unnecessary and wanton infliction of pain," which includes "deliberate indifference to [their] serious

---

> will often not be plausible unless it recites facts that might well be unnecessary in other contexts. For example, . . . a prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply.

*Gee*, 627 F.3d at 1185.

[7] Mr. Free makes conclusory allegations of "tortfeasment" and violations of an ODOC policy in his Complaint. *See* Compl. at 2, 8. To the extent that Mr. Free intended to bring claims other than those specifically addressed herein, Mr. Free's sparse factual allegations, liberally construed, do not state any claim upon which relief may be granted.

medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). "Deliberate indifference" involves both an objective and a subjective component, and facts must be alleged establishing each component to avoid dismissal of the claim.

To meet the objective component, a plaintiff must allege facts to establish that the deprivation of rights was related to a serious medical need, i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted). To meet the subjective component, a plaintiff must allege facts to establish that the defendant "acted or failed to act despite his [or her] knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). That is, the plaintiff must allege facts to establish that the defendant "consciously disregarded a substantial risk of serious harm." *Id.* at 838-40. Negligence in diagnosing or treating a medical condition is not enough. *See id.* at 835-40. Furthermore, "[d]isagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation." *Gee*, 627 F.3d at 1192.

With respect to the second element – that a violation of federal rights was committed by a person acting under color of state law – a plaintiff must, for each defendant, allege facts that plausibly establish a causal connection between that defendant and the alleged violation of federal rights. If a defendant is sued in his or her individual capacity under § 1983, the plaintiff must allege facts to establish the defendant's

"personal involvement or participation" in the violation of federal rights. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996); *see also Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). If a defendant is sued in his or her official capacity, the suit generally is treated as one against the entity that the official represents, and the plaintiff must allege facts to establish that such entity's policy or custom violated the plaintiff's federal rights. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

    a. Mr. Free's § 1983 Claims Against Defendants Stebens and Geib

In his Complaint, Mr. Free mentions Defendant Stebens only to name her as a Defendant. Compl. at 1. Mr. Free mentions Defendant Geib only twice—once to name him as a Defendant and once to note that he performed surgery on Mr. Free. *Id.* at 3, 8. Mr. Free does not allege facts to establish any of the aforementioned elements of an Eighth Amendment violation by either Defendant Stebens or Geib. Even if the undersigned were to assume that Mr. Free could establish the requisite serious medical need,[8] Mr. Free alleges no facts to establish that Defendants Stebens or Geib acted or failed to act despite knowledge of a substantial risk of serious harm to Mr. Free. Furthermore, with such insufficient facts, Mr. Free cannot connect Defendants Stebens or Geib to the alleged violation of his federal rights. Accordingly, lacking necessary factual support to establish a violation of a federal right, Mr. Free's claims pursuant 42 U.S.C §

---

[8] Mr. Free's Complaint lacks factual allegations regarding his condition as a result of Defendants' alleged conduct.

1983 against Defendants Stebens and Geib should be dismissed for failure to state a claim upon which relief may be granted.[9]

      b. Mr. Free's § 1983 Claim Against Tammy Harlan

As noted, Mr. Free asserts that, based on a prior surgery, he "know[s] the proper dosage" of prescription pain medication provided after such surgery, contending that 40 milligrams per day is proper. Compl. at 8. He then contends that "Nurse Tammy Harlan at WSKCC dispensed [to him] 5mgs twice a day or 10 mgs a day which is minute and tortfeasment," concluding that this was "[a] violation of [his] [E]ighth [A]mendment rights under the cruel and unusual punishment clause." *Id.* Finally, Mr. Free asserts "[i]t's also medical malpractice." *Id.*

As with the other two Defendants, these factual allegations are insufficient to establish that an Eighth Amendment violation occurred for which Defendant Harlan is liable. First, again assuming that Mr. Free had a sufficiently serious medical need, the above assertions – that Mr. Free knows the proper dosage and that Defendant Harlan

---

[9] In his response to Defendants' motions to dismiss (Doc. No. 24), Mr. Free presented additional allegations, not included in his Complaint, against Defendant Stebens. Even if these allegations were to be considered, the deficiencies identified above would still apply. Mr. Free attaches and refers to a Request to Staff he submitted to Defendant Stebens regarding his post-operative pain medication, contending that it "d[id]n't do anything but make [him] chemically imbalanced and on edge[,] . . . mak[ing] [his] condition worse than better." Attach. D, Doc. No. 24-4 (capitalization altered); Pl.'s Resp. to Defs.' Mot. at 2; *see also* Special Report Attach. 2, Doc. No. 18-2, at 2 (providing copy of same Request to Staff). Mr. Free contends that Defendant Stebens responded after two weeks, only to indicate that his prescription had expired. Pl.'s Resp. to Defs.' Mot. at 2. Among other things, this allegation is not sufficient to plausibly show that Defendant Stebens consciously disregarded a substantial risk of serious harm, as would be required to state an Eighth Amendment violation.

dispensed less than that amount to him – do not establish that Defendant Harlan acted or failed to act despite knowledge of a substantial risk of serious harm to Mr. Free; rather, the assertions establish only that Defendant Harlan dispensed medication to Mr. Free in an amount that *Mr. Free* believed to be insufficient. These assertions fail to provide enough facts to establish a plausible entitlement to relief for an Eighth Amendment violation. *See Iqbal*, 556 U.S. at 678. Accordingly, lacking necessary factual support to establish a violation of a federal right, Mr. Free's claim pursuant to 42 U.S.C § 1983 against Defendant Harlan should be dismissed for failure to state a claim upon which relief may be granted.

2. <u>Whether Mr. Free Has Stated a Negligence Claim Under State Law</u>

As a preliminary matter, the undersigned briefly addresses the Court's jurisdiction over Mr. Free's state law claims. Mr. Free and Defendants are all described in the Complaint as citizens of the same state—Oklahoma. *See* Compl. at 1-2, 3. The Complaint's medical malpractice claims are state law claims, presenting no apparent federal question. Thus, the Court does not have original jurisdiction over these claims. *See* 28 U.S.C. §§ 1332, 1331. Furthermore, any supplemental jurisdiction the Court may exercise over Mr. Free's state law claims is discretionary, particularly if the Court adopts the undersigned's recommendation that Mr. Free's § 1983 claims be dismissed. *See* 28 U.S.C. § 1367(c)(3). Nevertheless, because the undersigned recommends below that Mr. Free be granted leave to amend his Complaint, the undersigned addresses deficiencies in the pleading of Mr. Free's state law claims.

As noted, Mr. Free contends that the actions of one or more Defendants constituted medical malpractice. The events described in Mr. Free's Complaint take place exclusively in Oklahoma and, thus, Oklahoma medical malpractice law applies. To avoid dismissal for failing to state a claim on which relief may be granted for medical malpractice, the facts alleged in the complaint must be sufficient to support each of the following elements: "1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Smith v. Hines*, 261 P.3d 1129, 1133 (Okla. 2011).

As detailed above, Mr. Free asserts no facts in his Complaint vis-à-vis Defendant Stebens and, thus, does not establish any of the elements of negligence as to her. With respect to Defendant Geib, Mr. Free alleges that he performed surgery on Mr. Free, which establishes one element of negligence – that Defendant Geib owed Mr. Free a duty of care in conducting that procedure – but none of the other elements.[10] With respect to Defendant Harlan, Mr. Free alleges that she dispensed what he believes was an insufficient amount of prescription pain pills. It is possible that such a contention could amount to negligence, but the meager facts provided by Mr. Free are at best only consistent with a theory of liability and do not as stated establish a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, lacking the necessary factual support,

---

[10] In his motion to dismiss, Defendant Geib concedes that Mr. Free has alleged the requisite duty. Def. Geib's Mot. to Dismiss at 5.

Mr. Free's claims of negligence should be dismissed for failure to state a claim upon which relief may be granted.[11]

3. Opportunity to Amend

With respect to these claims which are recommended to be dismissed for failure to state a claim upon which relief may be granted, the undersigned further recommends that the dismissal be without prejudice and Mr. Free be granted leave to file an amended complaint. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). It is possible that Mr. Free could cure the deficiencies in such claims through additional allegations consistent with the discussion above.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

(1) Defendants' motions to dismiss (Doc. Nos. 19, 22) be granted insofar as the relief requested; and

(2) Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice because (a) to the extent monetary damages are sought under § 1983 against Defendants Stebens and Harlan in their official capacities, the Court lacks subject matter

---

[11] Further, the State of Oklahoma and its employees acting within the scope of their employment are immune from liability for torts except to the extent the state has waived its sovereign immunity under the Governmental Tort Claims Act ("GTCA"). *See* Okla. Stat. tit. 51, § 152.1. Before a plaintiff may bring a claim in court that falls within the scope of the GTCA, the plaintiff must have complied with certain procedural requirements, including presentment of the claim. *See id*. §§ 156-157; *see also Willborn v. City of Tulsa*, 721 P.2d 803, 805 (Okla. 1986) (requiring factual allegations in complaint to support "either actual or substantial compliance" with § 156). To the extent that Mr. Free's claims fall within the scope of the GTCA, he has not addressed this issue in his Complaint.

jurisdiction over such claims pursuant to the Eleventh Amendment, and (b) Plaintiff has failed to state a claim against any Defendant upon which relief may be granted.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 21, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 31st day of January, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE